Pamela K. Fulmer (SBN 154736)
Dee A. Ware (SBN 154549)
TACTICAL LAW GROUP LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3509
Facsimile: (415) 231-5272

Attorneys for Plaintiff NEXTLABS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTLABS, INC., a Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>PCM, INC., a Delaware corporation; INSIGHT ENTERPRISES, INC., a Delaware corporation and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT; AND**<br>**2. BREACH OF LICENSE AGREEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff NextLabs, Inc. ("NextLabs" or "Plaintiff"), hereby complains against Defendants PCM, Inc. ("PCM"), Insight Enterprises, Inc. ("Insight"), and Does 1-50, inclusive (collectively "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement and breach of contract arising out of a software license agreement between the parties.

**PARTIES**

2. Plaintiff NextLabs is a Delaware corporation duly authorized to do business in the State of California, with its principal place of business in San Mateo, California. NextLabs develops and licenses certain intellectual property, including NextLabs Control Center Platform, NextLabs Entitlement Manger for Microsoft SharePoint, Microsoft Exchange, Skype for

Business, Windows File Server and Custom Apps and NextLabs Enforcer for Windows Desktop and Outlook (collectively the "NextLabs Copyrighted Software"), and provides related support and consulting services to its licensed customers.  NextLabs holds all interest, right and title to the copyrights in the NextLabs Copyrighted Software, and the right to bring claims for infringement of those copyrights.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant PCM is a Delaware corporation, with its headquarters and principal place of business located in El Segundo, California, and conducts substantial business operations and has customers around the United States, including within the Northern District of California.  On information and belief, Defendant PCM merged into Defendant Insight in or about August 2019.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant Insight is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Tempe, Arizona.  On information and belief, Insight conducts substantial business operations and has customers around the United States, including within the Northern District of California.  Plaintiff is further informed and believes, and thereon alleges, that in merging with PCM, Insight acquired the assets and obligations of PCM, including its licenses to use the NextLabs Copyrighted Software.

5. Plaintiff is currently unaware of the true names and capacities of Does 1-50, inclusive, whether individual, partnership, corporation, unincorporated association, or otherwise.  After discovery, which is necessary to ascertain the true names and capacities of Does 1-50, inclusive, NextLabs will amend its complaint to allege the necessary identifying details.  Plaintiff is informed and believes, and on that basis alleges, defendants sued as Does 1-50, and each of them, are liable in whole or in part for the wrongful acts alleged herein.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, whether sued by their true names, or as a Doe, were the principal, agent, servant, joint-venturer, partner, parent, subsidiary, trustee, employee or director of each other Defendant, acted in concert and active participation with each other in committing the wrongful acts alleged herein, and were acting within the course and scope of that relationship and with the knowledge, consent and approval of each other.

## JURISDICTION AND VENUE

7. This action arises under the copyright laws of the United States, Title 17, United States Code and includes a related breach of contract claim arising out of the software license agreement. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1338 and 1367, and 17 U.S.C. § 502.

8. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim and the actual harm to NextLabs occurred in this District by reason of Defendants' conduct as alleged below. Venue is proper in any judicial district in which any defendant would be amenable to personal jurisdiction. Defendants are subject to the personal jurisdiction in this District as a result of the following: (i) Defendants' intentional and willful continued infringement of the copyrighted material owned by NextLabs; (ii) Defendants' knowledge that NextLabs resided in and had its principal place of business in this District; (iii) Defendants' knowledge that the injury would be likely to be suffered in this District; and (iv) on information and belief, Defendants conduct or solicitation of business within this District, having targeted this jurisdiction with the conduct giving rise to this action, and having availed themselves of the privilege of doing business in this jurisdiction. Venue is further proper as PCM expressly consented to this Court's jurisdiction by agreeing that any disputes arising out of the underlying software license agreement would be brought exclusively in the state or federal courts of San Mateo County, California.

## INTRADISTRICT ASSIGNMENT

9. Pursuant to Civil Local Rules 3-2(c) and 3-5(b), this action, which arises under the copyright laws of the United States and deals with NextLabs Copyrighted Software rights, among other things, may be assigned on a district-wide basis.

## BACKGROUND FACTS

10. On or about December 30, 2017, NextLabs entered into a license agreement, which included the Exhibits and Order Forms attached thereto (the "Master Subscription Agreement") with PCM.

11. The Master Subscription Agreement provided PCM with a specified number of

non-exclusive licenses to, among other things, use the NextLabs Copyrighted Software, receive technical support and maintenance and make one copy of the software for a standby system and one copy for backup or archival purposes for the subscription term.

12. The initial subscription term was for 12 months, commencing on the Order Form Effective Date (i.e., December 30, 2017). Paragraph 2.1 of Exhibit A, Order Form attached to the Master Subscription Agreement further granted PCM "the right to at the end of the term to either renew the [license agreement] in total for one year at $166,560 plus CPI index or for 3 years at $499,680 plus CPI index."

13. Section 5.1 of the Master Subscription Agreement provides that the subscription license fee for the number of licenses set forth in the Order Forms are non-refundable and non-cancelable, except as permitted under Sections 6.2 (software not performing as warranted) or 10.3 (termination for cause initiated by the customer).

14. On or about May 24, 2019, PCM exercised its right to renew the license agreement for a three-year term at a further discounted rate and executed Order Form 2, which was made pursuant to and incorporated into the Master Subscription Agreement.

15. Order Form 2 states that "[t]he Subscription Term shall be **36 months**, commencing on January 1, 2019" and provides for a fee payment schedule as follows: "2019 annual subscription fee of $110,000 due immediately, 2020 annual subscription fee of $110,000 due on January 1, 2020, and 2021 annual subscription fee of $166,560 due on January 1, 2021."

16. PCM was invoiced for the first installment due under Order Form 2 on or about July 16, 2019. Said invoice was paid after PCM's merger with Insight on or about September 9, 2019.

17. The invoice for the second installment due under Order Form 2 was sent to Defendants on or about December 2, 2019. Approximately two weeks later, PCM advised NextLabs that it had been acquired by Insight and refused to pay the outstanding invoice.

18. Pursuant to Section 10.3 of the Master Subscription Agreement, on or about March 9, 2020, NextLabs made written demand for payment of the outstanding installment due under Order Form 2. Defendants, and each of them, failed to timely cure the material breach in payment, and the Master Subscription Agreement was terminated for cause.

COMPLAINT
4

19. Despite demand being made, Defendants, and each of them, have subsequently failed to certify that Defendants, and each of them, have stopped using NextLabs Copyrighted Software and that said software has been uninstalled from Defendants' computer systems and computer-readable media. Consequently, the full extent of Defendants' breaches of the Master Subscription Agreement and copyright infringement is unknown to NextLabs at this juncture. As of the date of this Complaint, NextLabs is unaware whether Defendants, and each of them, have ceased using NextLabs Copyrighted Software, and on information and belief believes they are continuing to do so.

### FIRST CLAIM FOR RELIEF
### Copyright Infringement
### (Against All Defendants)

20. NextLabs realleges and incorporates herein by reference paragraphs 1-19 above as though set forth in full in this First Claim for Relief.

21. Plaintiff owns valid and enforceable copyrights in NextLabs Copyrighted Software, which are creative works of original authorship.

22. Defendants are not authorized to reproduce, distribute, make derivative works from, and/or display NextLabs Copyrighted Software except as authorized by and in support of a specifically licensed use, and with respect only to software for which they have a current right to have and use.

23. Through the acts described above, Defendants have violated Plaintiff's exclusive rights to reproduce, distribute, make derivative works from, and/or display the NextLabs Copyrighted Software by failing to certify that Defendants, and each of them, have stopped using NextLabs Copyrighted Software and that said software has been uninstalled from Defendants' computer systems and computer-readable media.

24. Defendants have been, or should have been, aware of the existence of Plaintiff's copyrights in the NextLabs Copyrighted Software. Defendants also knew that they did not have a license or authorization to use NextLabs Copyrighted Software after the Master Subscription Agreement was terminated for material breach when Defendants failed to make the required payment. When requested to certify that NextLabs Copyrighted Software has been uninstalled from Defendants' computer systems and computer-readable media, Defendants failed to do so.

COMPLAINT
5

On information and belief, Defendants have failed to uninstall the software and thus continue to use the software without a valid license in violation of NextLab's intellectual property rights.

25. As a direct and proximate result of Defendants' infringement, NextLabs has suffered damages in an amount to be determined at trial.

26. NextLabs is further informed and believes and thereon alleges that the infringement of its copyrights was willful, reckless, and/or in blatant disregard of NextLabs' rights as a copyright holder, and as such, Plaintiff claims the infringement was willful.

27. At least some of the harm to NextLabs cannot be remedied by damages, such as harm to goodwill and reputation.  To the extent NextLabs has suffered this irreparable injury, Plaintiff seeks injunctive relief, including to prevent Defendants, and each of them, from further infringing the NextLabs Copyrighted Software.

## SECOND CLAIM FOR RELIEF
### Breach of License Agreement
### (Against All Defendants)

28. NextLabs realleges and incorporates herein by reference paragraphs 1-27 above as though set forth in full in this Second Claim for Relief.

29. NextLabs has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Master Subscription Agreement, except for those that Defendants, and each of them, have prevented it from performing. or was excused from performance by reason of Defendants' acts and omissions or otherwise.

30. By failing to pay the non-refundable and non-cancelable license fee installments due under Order Form 2, Defendants breached the terms of the Master Subscription Agreement.

31. As a direct and proximate result of Defendants' breach, NextLabs has suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, NextLabs prays judgment in its favor against Defendants, and each of them, as follows:

a. An award to NextLabs of all damages associated with its causes of action, including NextLabs' actual damages for Defendants' breach of contract, and Defendants' profits

and other damages for willful infringement;

    b.    An injunction preventing Defendants, their agents, and affiliates from infringing the NextLabs Copyrighted Software, pursuant to 17 U.S.C. § 502;

    c.    An impounding of all unlicensed copies, including all executing and archival copies, of the NextLabs Copyrighted Software in Defendants' possession, custody or control, pursuant to 17 U.S.C. § 503;

    d.    An accounting of all gains, profits, and advantages derived by Defendants from their copyright infringement, pursuant to 17 U.S. C. § 504;

    e.    Costs of suit and attorneys' fees pursuant to contract;

    f.    Prejudgment interest; and

    g.    Other and further relief as the Court may deem just and proper.

DATED: February 1, 2021              TACTICAL LAW GROUP LLP

By:  /s/ Pamela K. Fulmer
      Pamela K. Fulmer
      Attorneys for Plaintiff
      NEXTLABS, INC.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

DATED: February 1, 2021                TACTICAL LAW GROUP LLP


By: /s/ Pamela K. Fulmer
    Pamela K. Fulmer
    Attorneys for Plaintiff
    NEXTLABS, INC.